CA 07 - 227 ML

UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF
PROVIDENCE, RHODE ISLAND

Robert J. Evans,
Movant,

vs.

United States of America,
Respondent

Criminal No: 03-100ML
Date June 18th, 2007

# MEMORAMDUM OF LAW IN PURSUANT OF MOTION TO CORRECT, VACATE, OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. §2255

Now comes Robert, J. Evans, hereafter known as petitioner in the above mentioned matter hereby movess this action brought against him under 28 U.S.C. §2255.

Petitioner moves to have his evidence surpressed from his case while he residing at his residence, 140 Mineral Spring Ave, 3rd floor, of Pawtucket, RI.

A new Supreme Court ruling in Georgia vs. Randolph U.S. No 04-1067, 3-22-06 supports his argument as well as another case supports the suppression of the evidence in the above mentioned apartment (United States vs. Hudspeth, 8th Circuit No: 3316, August 25, 2006 is conclusively in support as U.S. vs Randolph is in support of the suppression of the evidence of petitioner's apartment).

## STATEMENT OF FACTS

On June 5, 2003, Pawtucket Police came to petitioner's residence to arrest him on a misdemeanor arrest warrant for a "phone threat" complaint. When petitioner opened the door of his residence for the police, they said for him to step outside of the apartment, that they had an arrest warrant out for his arrest. Petitoner then immediately addressed another important issue in whether police had a search warrant to search the apartment. Officer Dolan answered that he did not have a search warrant-only an arrest warrant. Petitioner then stated, "I'm not letting you search my apartment without a search warrant."

Petitioner, upon being ordered to step outside in the apartment's hallway, did so but made his intention clear to the police that he forbade them from searching his apartment without a search warrant; doing this by closing the door of his apartment following stepping outside the in the hallway. Following being taken into custody on the arrest warrant, Officer Dolan went inside the apartment and did an illegal search and found drugs inside a gap clothing bag on top of the kitchen counter. (Nothing illegal was within plain view for the police).

Petitioner's spouse, with whom he shared the apartment with her was in East Providence Police Department under custody at the time of petitioner's arrest for the phone call threat. The police tried to use petitioner's spouse to make the drug possession charge stick without conclusive reason since this was a cover-up for the illegal search. Officer Dolan contacted the East Providence Police to have petitioner's spouse, Patricia Vicente, sign a consent to search form for the apartment. The illegal search was at 1:15 pm, and the East Providence police had Patricia sign the consent form at 1:30 pm, which shows that the police was in a rush to cover-up the illegal search as the result

of having her sign the right to search form as the exhibit shows the time on the rights was altered with the "3" in the 1:35 pm being changed to a "2" to read 1:25 pm to corroborate the times to look like Mrs. Vicente was read her rights and signed the right form before they rushed to have her sign the consent to perform the illegal search of petitioner's apartment.

In a United States Supreme Court ruling a decision was reach by the court in Georgia vs. Randolph, U.S. No: 04-1067, 3-22-06. The Supreme Court ruled that one occupant's consent to search can't over-ride another occupant, especially when the occupants are both present at the entrance of the apartment. In this instant case, Mrs. Patricia Vicente was not at the apartment, thus, making her part in the decision not sufficient in according to Georgia vs. Randolph. Police could not use her consent, coincidingly when the time of the consent was altered, merely because the Supreme Court forbade the entrance of police into an apartment by police when that other occupant is not even at the apartment. Petitioner's wishes for police not to have access to search the apartment is what Georgia vs. Randolph dictates in what police were obligated to do, which was to not search the apartment as petioner wished.

Also, in United States vs. Hudspeth, 8th Cir. No: 05-3316, 8-25-06, it also stipulates that police officers cannot rely on a resident's permission to conduct a warrantless search of shared premises when the occupant at the apartment has refused to give consent for the search, especially when the objecting resident is not at home at the time-the 8th Circuit decided. The U.S. Supreme Court cited, "widely shared social expectations" as a reason for holding that one resident objection, and the 8th Circuit holds the same rationale applies regardless of whether nonconsenting resident is at the scene of the search or not.

## CONCLUSION

Petitioner, Mr. Evans, respectfully moves this court to grant him a motion to suppress the evidence pursuant to the new Supreme Court ruling in U.S. vs. Randolph and in accordance to 8th Circuit decision U.S. vs. Hudspeth No: 05-3316, 8-25-06.

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was mailed via First Class Mail, this 18th day of June, 2007.

Respectfully submitted
Robert J. Evans
Reg. No: 05360-070
F.C.I. Otisville
P.O. Box 1000
Otisvville, New York 10963

SPEEDISET ® MOORE BUSINESS FORMS, INC.

# CONSENT TO SEARCH

TIME 1:30 P.M.

DATE 6/5/03

PLACE EPPD

Patricia Vicente

I, PATRICIA G. VICENTE, having been informed of my right not to have a search made of the premises and/or vehicle described below without a search warrant and of my right to refuse to consent to such a search, do authorize DET R. TEFT, DET. DOLAN AND MEMBERS OF THE PAWTUCKET POLICE, of the PAWTUCKET Police Department to conduct a complete search of my premises and/or vehicle described as 140 MINERAL SPRING AVE 3RD FLOOR PAWTUCKET, RI.

I give my consent to this search knowing that if any incriminating evidence is found it can be used against me in Court.

The police officer(s) named above has my permission to take any letters, papers, or other property from my premises and/or vehicle.

I give this written permission to the police officer(s) named above voluntarily and without threats or promises of any kind.

Patricia Vicente 6-5-03

WITNESSES: Lt. Donald R. Dubois

Bruce W. Atwell

Patricia Vicente

03-1152-AR

RIGHTS

Inv. Atwell

TIME 1:25 P.M.

DATE 6/5/03

STATEMENT TAKEN BY Inv. Lundstrom

# EAST PROVIDENCE POLICE DEPARTMENT

I, Patricia Vicente, having been informed tha I am a suspect in the crime of Poss. of Cocaine w/ Intent to Deliver voluntarily, without threats or promises on the part of the police, make the following statement to members of the *EAST PROVIDENCE POLICE DEPARTMENT* after having been advised that:

PV 1. I do not have to give a statement.

PV 2. I have the right to remain silent.

PV 3. Anything I say can be used against me in a court of law.

PV 4. I have the right to the presence of an attorney prior to and during any questioning by the police.

PV 5. I have the right to the presence of an attorney during a lineup or confrontation of witnesses, if any line-up or such confrontation takes place.

PV 6. If I cannot afford an attorney, one will be appointed for me prior to any questioning, if I so desire.

PV 7. If I do talk to the Police I can stop at any time.

I further admit and agree that:

PV 8. After having been informed of my constitutional rights, I do understand these rights, and I agree to give a statement at this time.

PV 9. I do not want an attorney called or appointed for me at this time.

IESSES: Bruce W. Atwell

Lt. Donald R. Dubois

Patricia Vicente
SIGNATURE

4