CA 07 - 227 ML

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
PROVIDENCE, RHODE ISLAND

| | | |
|---|---|---|
| Robert J. Evans, movant | ) | Criminal No: 03-100ML |
| vs. | ) | Date: June 18th, 2007 |
| United States of America, Respondent | ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO CORRECT, VACATE, OR SET ASIDED SENTENCE
PURSUANT TO 28 U.S.C. §2255

Now comes petitioner, Robert J. Evans, hereforth known as petitioner, in the above mentioned matter hereby moves this action brought under 28 U.S.C. §2255. Mr. Evan's claim is ineffective assistance of counsel. His attorney of record never objected to the improper use of priors to predicate convictions used by the government to apply career offender enhancement under 4B1.1 that does not qualify for the statute. Petitioner's attorney of record also never objected to the crack cocaine enhancement in which lead Mr. Evans to forfeit his right to a hearing on the motion to suppress the crack cocaine enhancement.

At sentencing, the presentence report (PSR) relied upon (assault w/intent to murder 1989 p.2/ 89-2163A), (Assault with a firearm P.2/93-1912A), (possession of cocaine w/intent to distribute p.2/97-2202A). Two of these convictions were relied upon by the government for career offender enhancements. The Probation Department listed these convictions from police reports and a criminal rap sheet, without any objection from his attorney. The court then accepted the presentence report report as true.

Herein are facts and discussion in support of the aforemention motion in which he alleges that he was sentenced pursuant to a statute that he was not lawfully subject to.

## STATEMENT OF THE CASE

Mr. Evans was indicted in October of 2003 for possession to distribute cocaine/crack. Plead guilty in April, 2004 and sentenced on March 17, 2005 to 21 years, 10 months of imprisonment with 5 years supervise release.

## STATEMENT OF FACTS

Petitioner was sentenced pursuant to 4B1.1 career offender. The government never submitted any documentation on two prodicate convictions fitting a crime of violence of a control substance act. Petitioner at sentencing had the burden of demonstrating that his prior convictions were constitutionally supect. So as to preclude their use for "career offender enhancement under the guidelines United states vs. Boyer 7th Cir. 931 F.2d 201.

> At the time of the reading of the P.S.I petitioner told his attorney that his criminal history was not right and suspect for the following reasons below:

As evidence of convictions, the presentence report document three allege convictions within facts of convictions. Only one is eligible for use under 4B1.1. And that will be P2./89-2163A (Assault w/intent to murder) 1989. As basis for a career offender's enhancement, two predicate are needed, for a crime of violence or control substance act.

Mr. Evans presentence report also cited misinformation on

other predicate prior convictions relied upon.

PSI cite

> Assault with a firearm P2/93-192A was not a conviction but rather the charge. Petitioner plead to possession of a firearm and this conviction was portrayed as the charge above. Petitioner received the lesser charge.

PSI CITE

Possession of cocaine w/intent to distribute P2/97-2202A was also portrayed as a conviction, but was plead to simple possession of cocaine.

PSI Cite:

> Also presentence report said, John Bevalaqua, private attorney represented petitioner in most of his convictions. This attorney has "never" represented petitioner in any of his cases."

Before sentencing Mr. Evans, told his attorney of the misinformation in his PSI; that he was not represented by said counsel. In response said that he cannot change the presentence report because those are the facts and that he did not have any proof to go up against the facts contained within the P.S.I.

JURISDICTION OF THE COURT UNDER 28 U.S.C. §2255

In United States vs. Addonizio 442 U.S. 178, 184 (1979). "As a general rule, relief is available under §2255 only for a constitutional error, a lack of jurisdiction

jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice. Constitutional errors will not be corrected through a writ of habeas corpus unless they have a "substantial and injurious effect." Unless they have resulted in "actual prejuduce." Brecht vs. Arahamson, 507 U.S. 619 633-34. (Apply Brecht to section §2255 petition)

**CAREER OFFENDER ENHANCEMENT PRODEEDING:**

Mr. Evans plead guilty to violating 21 U.S.C. 841. At sentencing, the government never submitted certified copies of the alledge prior convictions. The government proffited off of the information of police reports and arrest rap sheet, without any objection from counsel of the **record**. Petitioner was sentenced as a career offender, a person **so** convicted of two prior conviction **for** a crime of violence or a controlled substance offense 4B1.1.

When the government seeks to have a prior conviction included in a sentence determination, it bears an initial burden of proving the facts of conviction; this burden is met by production of a certified copy of the conviction. United States vs. spell 44 F.3d 936 (11th Cir 1995). (Judgements are the only conclusive proof of prior convictions). The government "patently" failed to comply with a critical requuirement" by failing to introduce the statutes or certified copy of convictions." Instead, the government relied on the presentence report which contain erroneous information on assault with a firearm and possession with intent to distribute, in which the petitioner did not plead to.

According to law, important functions of a prosecutor upon sentencing is to make sure that all information in his possesssion material to punishment and favorable to accused is presented to

counsel at all material stages of the proceeding. In order to give meaning to that protection, the United States Supreme Court has held that defendant's counsel must provide effective assistance (see Strickland vs. Washington 466 U.S. 686 (1984). Also see United States vs. Cronic 466 U.S. 759 (1984). In order to prevail on an ineffecive assistance of counsel claim, the defendant must establish both, "that counsel's representation fell below an objective standard of reasonableness," and that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 688.

The issue at bar was that the petitioner's attorney representation fell below an objective reasonableness standard and there is a probability that, but for attorney's unprofessional errors, the result of the proceeding would have been different. Had counsel of record objected and challenged information conduct in P.S.R. and have alerted this court to the conduct, Mr. Evans plead to in state court; petitioner would not have faced invocation of the career offender enhancement greatly exposing and requiring an attorney to make inquiry into whether certain convictions would qualify for sentence enhancement purposes is not a terribly erroneous imposition.

United States vs. Shepard cite as 544 U.S. 2005. The ruling effectively said a judge could only "stick to the legal facts of a conviction." Reafirming Taylor vs. United States 495 U.S. 575, 600 (1990) (holding that court should look to statutory definition of the crime charged, rather than the actual facts of the individual's prior convictions to determine whether the crime qualifies as a violent felony under the career offender enhancement.

Counsel of the record failed to challenge the conviction under Custis vs. United States 511 U.S. 485 (1994). The Supreme

court and that the sentence is not based on mistake of fact of faulty information. Misinformation or misunderstanding that is materially untrue regarding prior criminal record or material of false assumption as to any facts relevant to sentencing renders, entire sentencing prodedure invalid as violation of due process. United States vs. Malcom 432 F.2d 809 (2nd Cir 1970).

**COUNSEL'S FAILURE TO OBJECT OR CHALLENGE INFORMATION IN PRESENTENCE REPORT:**

At sentencing, Mr. Evans was prejudice by his attorney's ineffectiveness. He told his attorney to challenge the false information conduct of the P.S.R. assault with a firearm, being that he pled to possession of a firearm, and possession of cocaine w/intent to distribute being a simple possession of cocaine. Knowledge and familiarity with the sentencing guidelines is a indispensable and essential asset of a criminal attorney's practicing in federal court. In fact, the rigid inflexibility of sentencing that accompanied the passage of the guidelines imposes a heightened duty that counsel thoroughly riview an discuss a defendant's criminal history and the prepared P.S.R.. Here, he did nothing when petitioner told him he did not plead to the above charges in the statecourt to the information advanced in the presentence report. Instead, counsel allowed Mr. Evans to be subject to career offender and never alerted the Honorable Justice that she was passing judgment in the face of a presentencing report riddled with erroneous information. United States vs. Bigman 906 F.2d 392 (9th Cir. 1990).

The sentence must be vacated because petitioner was unquestionably denied his constitutional right to effective assistance of counsel. The Sixth Amendment of the United States Constitution guarantees a criminal defendant assistance of

Court dictated that once the government made a showing that a prior conviction was useful under career offender, a defendant could not collaterally attack a prior conviction as being constitutionally infirm, except if he or she could prove that the prior conviction was tainted by a denial of counsel as provided in Gideon vs. Wainright 372 U.S. 335 (1963). 511 U.S. at 490.

Attorney of the record's duty was to alert the Honorable Court to the above information, instead of letting the Honorable Judge determine information that was unreliable in the presentencing report. Mr. Evan did not plead to in state court. Attorney's errors by not challenging statute or records under which the prior convictions were imposed prohibited this court to undertake a proper evaluation of petitioner's priors under the statutes he plead guilty to.

## STATEMENT OF FACTS:

Counsel for the defendant was ineffective because he made no objections to the crack cocaine enhancement that treats it 100 times more serverely than powder cocaine, in which it made the petitioner's prison sentence more than double the sentence he would have received were he sentenced to powder cocaine. The police sent the drugs to get tested at the Rhode Island Forensic laboratory in Providence, Rhode Island. It was tested by forensic scientist Michael Liberto, and the test result came back "negative for crack cocaine," and positive of cocaine base only. A copy of the laboratory test results are attached to use as an exhibit for proof of the results.

For counsel of record not to object to this, the petitioner's sentence must be vacated because the petitioner was unquestionably

denied his constitutional right to effective assistance of counsel. The Sixth Amendment of the United States Constitution guarantees a criminal defendant assistanced of counsel at all material stages of the proceeding. In order to give meaning to that protection, the United States Supreme Court has held that defendant's counsel must provide effective assistance (see Strickland vs. Washington 466 U.S. 686 (1984). Also see United States vs. Cronic 466 U.S. 759 (1984). In order to prevail on an ineffecive assistance of counsel claim, the defendant must establish both, "that counsel's representation fell below an objective standard of reasonableness," and that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 688.

The issue at bar was that the petitioner's attorney representation fell below an objective reasonableness standard and there is a probability that, but for attorney's unprofessional errors, the result of the proceeding would have been different. Had counsel of record objected and challenged information conduct in P.S.R. and have alerted this court to the conduct, Mr. Evans plead to in state court; petitioner would not have faced invocation of the career offender enhancement greatly exposing and requiring an attorney to make inquiry into whether certain convictions would qualify for sentence enhancement purposes is not a terribly erroneous imposition.

United States vs. Shepard cite as 544 U.S. 2005. The ruling effectively said a judge could only "stick to the legal facts of a conviction." Reafirming Taylor vs. United States 495 U.S. 575, 600 (1990) (holding that court should look to statutory definition of the crime charged, rather than the actual facts of the individual's prior convictions to determine whether the crime qualifies as a violent felony under the career offender

enhancement.

Counsel of **the** record failed to challenge the conviction under Custis vs. United States 511 U.S. 485 (1994). The Supreme Court dictated that once the government made a showing that a prior conviction was useful under career offender, a defendant could not collaterally attack a prior conviction as being constitutionally infirm, except if he or she could prove that the prior conviction was tainted by a denial of counsel as provided in Gideon vs. Wainright 372 U.S. 335 (1963). 511 U.S. at 490.

Attorney of the record's duty was to alert the Honorable Court to the above information, instead of letting the Honorable Judge determine information that was unreliable in the presentencing report. Mr. Evan did not plead to in state court. Attorney's errors by not challenging statute or records under which the prior convictions were imposed prohibited this court to undertake a proper evaluation of petitioner's priors under the statutes he plead guilty to.

**STATEMENT OF FACTS:**

Counsel for the defendant was ineffective because he made no objections to the crack cocaine enhancement that treats it 100 times more serverely than powder cocaine, in which it made the petitioner's prison sentence more than double the sentence he would have received were he sentenced to powder cocaine. The police sent the drugs to get tested at the Rhode Island Forensic laboratory in Providence, Rhode Island. It was tested by forensic scientist Michael Liberto, and the test result came back "negative for crack cocaine," and positive of cocaine base only. A copy of the laboratory test results are attached to use as an exhibit for proof of the results.

For counsel of record not to object to this, the petitioner's sentence must be vacated because the petitioner was unquestionably denied his constitutional right to effective assistance of counsel. The Sixth Amendment of the United States Consititution guarantees a criminal defendant assistance of counsel at all meterial stages of the proceedings. In order to give meaning to that protection, the United States Supreme Court has held that defendant's counsel must provide effective assistance. See Strickland vs. Washington, 466 U.S. 686 (1984), and United States vs. Cronic 466, U.S. 759 (1984).

Because the term "cocaine base" can mean different forms of cocaine, the fifth and sixth Amendment appear to require the government to prove that drugs involved in the offense were truly "crack", rather than some other form of cocaine base that might not trigger increased penalties. And, if the defendant goes to trial, we have argued the jury must find that the substance was "crack" before the District Court may impose the higher sentences required for crack.

The Ninth Circuit now agrees. In United States vs. Arthur L. Hollis, No. 05-30611 (Ninth Cir., May 7, 2007). In its published opinion, a panel of the Ninth Circuit held the increased penalties for crack only apply if the indictment charges and the jury finds (or the defendant specifically admits) that the controlled substance is "crack" cocaine as opposed to cocaine base.

Counsel for the defendant never objected or challanged the government to prove that the cocaine base was indeed "crack", even after the police had the drugs tested at the R.I. Forensic Science laboratory in which the results stately say positive for "Cocaine base, only." For this reason the counsel was

ineffective, because if he had objected and challenged the government to prove the cocaine base was indeed, "crack, then the outcome of the defendant's sentence would have been different.

## CONCLUSION

Mr. Evans respectfully moves this court to vacate his sentence, and order that he be resentenced and that his Sixth Amendment rigth to effective assistance of counsel was abridged, resulting in petitioner being sentenced to the crack cocaine harsh 100 to 1 ration to the powder cocaine sentence., and to the career offender guideline without a Taylor determination to show a crime of violence of controlled subsatnce act under the statute of conviction.

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was mailed via first class mail this day 18th of June, 2007.

Respectfully submitted,

Robert J. Evans

Robert J. Evans
Reg. No. 05360-070
F.C.I. Otisville
P.O. Box 1000
Otisville, New York 10963

**Rhode Island Forensic Science Laboratory**
**Forensic Drug Chemistry**
**50 Orms Street, Providence, RI 02904**
**(401)222-5567 / Fax (401)222-6064**

7-1

| | | |
|---|---|---|
| Laboratory Case | : FC 03-2565 Report 1 | Report Date 6/20/2003 |
| Department | : Pawtucket Police Dept.//P | Page 1 of 1 |
| Case Number | : 031693AR | |
| Case Officer | : SPECIAL SQUAD/DOLAN/TEFFT | |

Case Names: EVANS, ROBERT

Submitted : 6/11/2003 11:08:02 AM to Toni Cellemme by D. DOLAN

**Exhibit Description(s) and/or Analysis**

**Item 01** The following evidence was submitted:

Exhibit 1 **two bags containing material.**

***Results and Observations***

**Positive Cocaine Base (Schedule II).**

**total combined weight of material from two bags..........
123.78 grams**

Exhibit 2 **two bags containing powder.**

***Results and Observations***

**Positive Cocaine Salts (Schedule II).**

**total combined weight of powder from two bags..........
176.00 grams**

I Affirm that this document is a true report of the analysis that I performed.

Subscribed and sworn to before me under the penalties of perjury.

[signature]
Principal Forensic Scientist
Michael Liberto, B.S.

[signature] Toni A. Cellemme
Notary
Toni A. Cellemme
6/24/03

**Rhode Island Forensic Science Laboratory**
**Forensic Drug Chemistry**
**50 Orms Street, Providence, RI 02904**
**(401)222-5567 / Fax (401)222-6064**

7-1

Laboratory Case : FC 03-2566 Report 1
Department : Pawtucket Police Dept.//P
Case Number : 031693AR
Case Officer : DET. ROBERT TEFFT

Report Date 6/20/2003
Page 1 of 2

Case Names: EVANS, ROBERT

Submitted : 6/11/2003 11:08:44 AM to Toni Cellemme by D. DOLAN

**Exhibit Description(s) and/or Analysis**

**Item 01** The following evidence was submitted:

Exhibit 1 **seven bags containing powder.**

***Results and Observations***

**Positive Cocaine Salts (Schedule II).**

**total combined weight of powder from seven bags..........
15.91 grams**

Exhibit 2 **twelve bags containing powder.**

***Results and Observations***

**Positive Cocaine Salts (Schedule II).**

**total combined weight of powder from twelve bags.........
83.85 grams**

Exhibit 3 **seven bags containing powder.**

***Results and Observations***

**Positive Cocaine Salts (Schedule II).**

**total combined weight of powder from seven bags..........
694.76 grams**

**_Rhode Island Forensic Science Laboratory_** 7-1

Laboratory Case Number : FC 03-2566 Report 1
Agency :
Analyst : Michael Liberto, B.S.
Page No : 2

I Affirm that this document is a true report of the analysis that I performed.

Subscribed and sworn to before me under the penalties of perjury.

Principal Forensic Scientist
Michael Liberto, B.S.

Notary
Toni A. Cellemme 6/24/03