**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF**
**PROVIDENCE, RHODE ISLAND**

| | | |
|---|---|---|
| **Robert J. Evans**<br>**Movant**<br><br>**vs.**<br><br>**United States of America,**<br>**Respondent** | ) | **Criminal Number: 03-100ML**<br>**Date: August 13, 2007** |

**SUPPLEMENTARY BRIEF IN SUPPORT OF MOTION TO CORRECT, VACATE OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Now comes Robert J. Evans, pro-se movant, henceforth known as petitioner, in the above mentioned matter hereby brings forth additional information by and through this supplementary brief to support his original 28 U.S.C. §2255 motion now pending in the District Court.

**ADDITIONAL RELATED INFORMATION TOWARD 28 U.S.C §2255 MOTION**

Petitioner's attorney, before entering a guilty plea for petitioner on and around April 13, 2004 had filed a suppression of evidence motion and exculpatory evidence in his case because petitioner wanted to prove to the court that the police lied about certain events and did an illegal search of his apartment at 140 Mineral Spring Avenue in Pawtucket, Rhode Island in which narcotics were found inside a blue gap clothing bag.

When government responded to petitioner's motion to suppress evidence motion, counsel for petitioner started telling petitioner that the presiding justice, "Judge Lisi," was pro-police, anti-

criminal and that she would favor the police's side of the events if petitioner pursued any further the case in her courtroom, and that, it was counsel's wish that petitioner would cop-out to the 10 years offer because if he didn't he'd get "life" if the case was fought in Judge Lisi's court. Petitioner's counsel then adds to this and says, "even though the police lied in their reports in the chain of events and petitioner knows he never possessed crack cocaine, that petitioner did not admit to all the facts the police said in their report at his plea hearing when Judge Lisi asked petitioner if they were true, and that if petitioner tried to contest or deny anything, Judge Lisi would not accept his plea and that she'd force petitioner to go to trial, and by doing so petitioner would be taking a chance of receiving a life sentence.

Petitioner was prejudiced into pleading guilty by his counsel. Additionally, petitioner was under the assumption (led by his counsel) that he would only receive the 10 years sentence he signed for.

Petitioner wishes this court to realize that he would never have signed for the ten years sentence if he knew that the ten years would turn into a longer sentence and that this sentence would be, instead, a sentence of 21 years and ten months.

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was mailed via first class mail this day 13 of August, 2007.

Respectfully submitted,
Robert J. Evans
Robert J. Evans
Reg. No. 05360-070
F.C.I. Otisville
P.O. Box 1000
Otisville, New York 10963