IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT EVANS | ) | |
| | ) | |
| vs. | ) | C.A. No. 07-227ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO UNSEAL INDICTMENT UNDER ANY APPLICABLE FEDERAL RULES**

Petitioner Robert Evans (Evans) has previously filed a motion pursuant to 28 U.S.C. § 2255. That motion is pending before this Court. In the motion, Evans made the following arguments: 1) officers unlawfully entered and searched his apartment from which they seized substantial quantities of cocaine powder and crack cocaine; 2) officers used as a justification to approach and arrest Evans, an arrest warrant for making threatening and harassing telephone calls purportedly signed by Rhode Island State District Judge Michael Higgins but which was not in fact signed by Judge Higgins; 3) the written consent to search his apartment, obtained from his "spouse" Patricia Vicente, was invalid; 4) defense counsel was ineffective for failing to object to Evans' career offender classification; and 5) defense counsel was ineffective for failing to object to the use of "crack" cocaine Sentencing Guidelines calculations. The government has responded to the issues raised.

Evans now asks This Court to unseal the indictment in the case of United States v. Jonathan Hernandez, Cr. No. 03-105S. The indictment charged Hernandez with drug trafficking and firearms offenses occurring on April 11, 2003. Evans correctly notes that

the indictment was ultimately dismissed and that some Pawtucket law enforcement officers involved in the investigation of his criminal activity were also involved in the investigation of Hernandez' criminal activity. Evans claims that prior to his death, Hernandez told Evans that "he believe[d] the reason for the government to take the rare step of dismissing his indictment and then sealing it was because Detective Dolan lied and messed up in his drug case. So the government is withholding that information so petitioner cannot use it for a defense in his case to attack Detective Dolan's credibility." Evans does not state the basis for Hernandez' belief.

The Hernandez indictment, assigned to District Court Judge Smith, was dismissed by the Court on February 3, 2004 upon motion of the government. The indictment was not sealed by the government. Rather, with the consent of Hernandez' counsel, the government believes that the AUSA assigned to the matter made ex parte representations to the Court as to why the government was moving to dismiss. The government further believes that it was those remarks which the Court ordered sealed. The government does not believe that those remarks concerned the credibility of any law enforcement officers involved in the investigation of Hernandez.

Evans entered his guilty plea on April 19, 2004, more than two months subsequent to the dismissal of Hernandez' indictment. Evans was well aware of the Hernandez dismissal. First, his counsel, Scott Lutes, Esq., represented both Evans and Hernandez before this Court. Second, in Evans' case, Mr. Lutes filed a motion for exculpatory evidence. Request 21 of the exculpatory evidence motion and the government's response are stated below:

REQUEST: Defendant has specific knowledge that an Indictment pending before the United States District Court for the District of Rhode Island was recently dismissed against Jonathan Hernandez (CR. 03-105S). Defendant is further aware that the same two detectives in Hernandez are the same two detectives involved in the instant matter. To that extent, and without being aware of the specific grounds upon which the Hernandez Indictment was dismissed (the reasons are under seal), the defendant requests that any and all evidence of an exculpatory nature which may (or may not) be related to the grounds upon which the government took the exceedingly rare step of dismissing the Indictment in Hernandez be disclosed in the present matter if the Court determines it to be potentially relevant to the issues of guilty and/or punishment.

RESPONSE: The reasons for dismissal of the indictment are unrelated to the instant case and do not constitute exculpatory evidence.

In considering Evans' motion, it is not lost on the government that his allegations are serious, implicating Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963) and a host of other Supreme Court and First Circuit decisions. However, the government makes two points. First, while impeachment information qualifies as Brady material, United States v. Peters, 732 F.2d 1004, 1008 (1st Cir. 1984), Brady does not require the government to turn over information which with any reasonable diligence the defendant can himself obtain. United States v. Pandozzi, 878 F.2d 1526, 1529-30 (1st Cir. 1989). If Evans believed there was any gold to be mined from the dismissal of Hernandez' indictment, Evans could have petitioned Judge Smith to unseal the record. He did not. Second, Evans fails to explain how his request for the Hernandez information is related to the issues raised by him in his § 2255 filing. For example, Evans never states that if the impeachment material existed and been disclosed, he would not have entered a guilty plea, but would have elected to proceed to trial.

Having said this, the government does not object to the Court unsealing the Hernandez record for an in camera review to determine whether it contains information negatively impacting upon the credibility of the investigating detectives. Should the record not contain such exculpatory material, the government would request that the record not be divulged to the petitioner.

Respectfully submitted,

Robert Clark Corrente
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar No. 1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September 2007, I served a copy of the within Government's Response To Petitioner's Motion To Unseal Indictment Under Any Applicable Federal Rules, ordinary mail and postage prepaid, to:

Robert J. Evans
No. 05360-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

Respectfully submitted,

Robert Clark Corrente
United States Attorney

/s/ Kenneth P. Madden

Kenneth P. Madden
RI Bar No. 1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)