**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF**
**Providence, Rhode Island**

CA 07-227ML

**Robert J. Evans,**
**Movant**

**vs.**

**United States of America,**
**Respondent**

**"Supplemental Brief"**

**:MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CORRECT, VACATE, OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Now comes the movant, Robert J. Evans, hereforth known as petitioner in the above mentioned matter hereby moves this action brought under 28 U.S.C. § 2255.

Mr. Evans claim is ineffective assistance of counsel. His attorney of record knew of foul play in case of United States vs. Jonathan Hernandez CR. No. 03-105S involving the same two police detectives on the Hernandez's case and petitioner's case, in which Hernandez's case was dismissed and sealed by the government. Counsel for the petitioner never took any legal steps outside of discovery application; as in petitioning the court to obtain the exculpatory material discused here.

## STATEMENT OF FACTS

In February of 2004, attorney Scott A Lutes came to the Service Center to see Robert Evans and Jonathon Hernandez; both clients in his presence. Lutes told Hernandez he had some good news; that the government contacted him and said it was his client's lucky day;

that the government were dismissing his indictment and sealing it without any explanations. (Lutes was legal counsel for both Hernandez and Evans at this time). Lutes then told Evans "that in his 17 years of being a lawyer, the government only does this when there's a crooked police on the case," and he told Evans that in fact, the same two detectives on Hernandez's case are the same two detectives on yours, so that your case should have been dismissed as well. Further, Lutes stated that he's going to let the prosecutor know what steps Hernandez prosecutor had taken, with intent to take the same action that would also bring a dismissal in Evans' case.

Upon Lutes talking to Evans' prosecutor, he stated, "whatever happened in Hernandez's case won't effect Evans' case."

Petitioner's counsel filed motion for exculpatory discovery evidence asking the government for the information. The government's response was, "The reason for dismissal of the Hernandez's indictment are unrelated to the instant case and do not constitute exculpatory evidence."

Petitioner's counsel did nothing else to obtain this evidence whatsoever; which was crucial to Evans' defense. Had the petitioner possessed this evidence, he would not have entered a guilty plea.

In the government's response to a September, 2007 motion Evans filed to have Hernandez's indictment unsealed, the government responded saying, "If Evans believed there was any gold to me mined from the dismissal of Hernandez's indictment, Evans could have petitioned Judge Smith to unseal the record. He did not."

For the government to even state this is a clear indication that petitioner's counsel was ineffective, because counsel for the petitioner should have been well aware to have filed a motion to

Judge Smith to have Hernandez's indictment unsealed, especially after stating to Evans, "In his 17 years of being a lawyer, the only time the government does this is when there's a crooked police on the case. (Lutes also knew immediately following these events, that Hernandez was shot and killed. The fact Hernandez was now deceased would have made obtaining information on him much easier) knowing that information was obtainable by petitioner's counsel, and he did nothing to obtain it; is a clear showing of ineffective asssitance of counsel-considering the magnitude of the potential exculpatory evidence which would have directly effected Evans' defense.

Had Lutes obtained this information by petitioning Judge Smith to unseal Hernandez's record, then the outcome of the defendant's sentence would have been different because Evans would not have plead guiltyl.

## CONCLUSION

Mr. Evans respectfully request the court to vacate his guilty plea due to its being premised upon a violation of the sexth Amendment, (ineffective counsel). In his counsel's failure to take basic legal action to obtain exculpatory evidence of such magnitude as would allow his defense to develope. Evans' attorney instead pushed Evans to a plea of guilty, informing Evans that there was no sound defense and to do so would be to his best interest.

## CERTIFICATE OF SERVICE

**It is hereby certified that a copy of the foregoing was mailed via first class mail this 4th day of Oct., 2007.**

**Respectfully submitted,**

Robert J. Evans #05360-070
Robert J. Evans