IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT EVANS | ) | |
| | ) | Cr. No. 03-100ML |
| vs. | ) | C.A. No. 07-227ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR THE COURT TO RECONSIDER THE DENIAL OF HIS MOTION TO UNSEAL INDICTMENT UNDER ANY APPLICABLE FEDERAL RULES**

Petitioner Robert Evans (Evans) has moved that this Court reconsider its September 26, 2007 Order denying his motion to unseal the indictment in the case of United States v. Jonathan Hernandez, Cr. No. 03-105S. The indictment charged Hernandez with drug trafficking and firearms offenses occurring on April 11, 2003.

The motion is flawed for two reasons. First, Evans filed a notice of appeal to the First Circuit as to this Court's September 26 Order. The filing of the notice of appeal divests this Court of jurisdiction with respect to the motion. See, United States v. Hurley, 63 F.3d 1, 23-24 (1st Cir. 1995) (there is a general rule that an appeal divests the District Court of jurisdiction, though it is not absolute). In United States v. Mala, 7 F.3d 1058, 1060-1061 (1st Cir. 1993), the Court stated "[w]hile an appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal (citation omitted), an interlocutory appeal that is brought without any colorable jurisdictional basis does not deprive the district court of jurisdiction over the underlying case." While the filing of the appeal does not deprive the Court of jurisdiction over

Evans' § 2255 petition, his decision to appeal did divest the Court of jurisdiction over the motion to unseal the Hernandez materials.

Second, even if the Court did address his motion, it should be denied. Evans attempts to fill the gaps in his original motion, which were highlighted by the government in its response, by re-writing history. Evans now says for the first time that his counsel stated that the government dismisses an indictment only "when there's a crooked police on the case." Evans' "Supplemental Brief" at p. 2. This statement was not mentioned in any previous filing by Evans.[1] Further, when Evans filed his motion to unseal the Hernandez indictment, the government pointed out in its response that Evans never stated that had the impeachment material existed and been disclosed, he would not have entered a guilty plea, but would have elected to proceed to trial. To escape this predicament, Evans now says he would not have pleaded guilty. The timing of this claim certainly calls Evans' credibility into question. Further, Evans now appears to argue that the Court should revisit its ruling because impeachment material exists. However, as noted in the government's previous response, there is no evidence of this beyond Evans' unsubstantiated statements.[2] Finally, Evans now appears to treat his earlier motion to unseal and this motion for reconsideration as an ineffective assistance of counsel claim fully integrated into his § 2255 motion docketed almost four months earlier on June 21,

---

[1] Further, even if Evans' counsel made the statement, it is wrong. The undersigned Assistant U. S. Attorney is aware, for example, that prosecutions have been dismissed under circumstances where to proceed further would necessarily reveal the identity of a confidential informant which disclosure law enforcement officers oppose.

[2] Whereas in his earlier motion Evans sought to unseal the Hernandez indictment to determine whether exculpatory information existed, his current motion for reconsideration suggests, with certainty, that it does exist. Once again, beyond his stated belief, he proffers no evidence.

2007. He cites neither statutory law nor case law nor permission from the Court authorizing him to essentially amend his original § 2255 petition. If it is an amendment which Evans now seeks, the Court should deny it. The reasoning against such amendments is sound. A petitioner could circumvent both the one-year limitations period of the AEDPA and the prohibition against second or successive petitions by continuing to file amended petitions during the pendency of the original petition. This is an avenue which Congress never intended.

For the foregoing reasons, the motion for reconsideration should be denied.

Respectfully submitted,

Robert Clark Corrente
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October 2007, I served a copy of the within Government's Response To Petitioner's Motion For The Court To Reconsider The Denial Of His Motion To Unseal Indictment Under Any Applicable Federal Rules, ordinary mail and postage prepaid, to:

Robert J. Evans
No. 05360-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)