UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT J. EVANS | : | |
| | : | |
| vs. | : | CA 07-227-ML |
| | : | |
| UNITED STATES | : | |

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge.

Robert J. Evans has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

BACKGROUND AND TRAVEL

On June 5, 2003 East Providence and Pawtucket police officers were involved in a drug investigation of Evans and Patricia Vicente, with whom he lived. At approximately 1:30 p.m. on that date, subsequent to the arrest of Vicente and the seizure of approximately a half-kilogram of cocaine in her possession, Pawtucket police officers went to Vicente's third-floor apartment at 140 Mineral Spring Avenue, Pawtucket, where she lived with her three minor children, to arrest Evans. The officers were aware of an outstanding arrest warrant charging Evans with making crank/obscene telephone calls.

As the officers reached the third-floor apartment, Evans was exiting the apartment and carrying a "Gap" clothing bag. When he saw the officers, he dropped the bag just inside the apartment entrance. Evans was told he was under arrest. After initially complying, he suddenly bolted past the officers, ran down the stairs and fled. A detective reached into the apartment and seized the bag that Evans had dropped. The bag was found to contain two bags of cocaine powder and two bags of crack cocaine, $12,000 in United States currency and a scale. Evans was

apprehended and arrested in the rear yard of a neighboring house.

During the investigation Evans had been observed going to and from a house at 75-77 Trenton Street, Pawtucket. Pursuant to a search warrant, officers conducted a search of the first floor of that house, where they found and seized some 794 grams of cocaine as well as documents in Evans' name and photographs of Evans.

Evans was subsequently indicted for possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He pled guilty to both counts on April 19, 2004, pursuant to a written plea agreement.

The plea agreement provided that the amount of crack cocaine involved in the offenses was 123.78 grams and the amount of cocaine involved was 970.52 grams. Evans acknowledged that the Government could prove those facts beyond a reasonable doubt. (See Plea Agreement ¶ 3.) The Government agreed to recommend a sentence at the low end of the Sentencing Guidelines or the mandatory minimum term of imprisonment, whichever was greater, and to recommend a reduction for acceptance of responsibility. The Government further agreed not to file a sentencing enhancement information pursuant to 21 U.S.C. § 851. (Id. ¶ 2.)

At the change of plea hearing the Government recited the foregoing facts, including the circumstances of Evans' arrest and the amounts of cocaine and cocaine base found in the clothing bag and at his apartment. Evans acknowledged that these facts were true and that the total amount of drugs involved was 123.78 grams of cocaine base or crack cocaine and 970.52 grams of cocaine powder. (See Transcript of Change of Plea Hearing conducted on April 19, 2004 ["Plea Tr."] at 21-22.) Evans also acknowledged that neither his counsel's sentencing estimates nor the Government's sentencing recommendations were binding upon this Court and that the Court was free to impose

a different or higher sentence if warranted. (Id. at 11-12, 14-15.) The Court also explained the statutory maximum and minimum penalties for each offense. See 21 U.S.C. § 841 (b)(1)(A)-(B).

The Presentence Report ("PSR") recommended that Evans receive an enhanced sentence as a career offender under § 4B1.1 of the Sentencing Guidelines, based on two prior convictions for assault with a deadly weapon and assault with intent to murder and one felony drug possession conviction. (PSR ¶ 34, 39, 41.) The PSR calculated Evans' guideline sentencing range to be 262-327 months imprisonment, based on a total offense level of 34 (base level 37 less a three-level reduction for acceptance of responsibility) and a Criminal History Category VI. (PSR ¶¶ 23-25; 68.)

Prior to sentencing Evans filed an objection to the career offender enhancement. However, at the sentencing hearing his counsel acknowledged that in light of Booker v. United States, 543 U.S. 221 (2005), which rendered the Sentencing Guidelines advisory rather than mandatory, his objection to the career offender provision was effectively moot. (See Transcript of Sentencing Hearing conducted on March 17, 2005 ["Sent. Tr."] at 2-3.) Counsel did not dispute that Evans satisfied the criteria for a career offender but rather argued at sentencing that under Booker, this Court should consider a shorter sentence in the range of 10 to 12 years as sufficient to punish Evans. (Id. at 14-19.) The Court imposed a sentence of 262 months imprisonment – the low end of the applicable guideline range – as to both Counts I and II, to be served concurrently, followed by five years of supervised release.

Evans appealed. His counsel filed a brief under Anders v. California, 368 U.S. 738 (1966), asserting that there were no non-frivolous appellate issues. After reviewing that brief and Evans' *pro se* submissions, the Court of Appeals summarily affirmed, concluding that there were "no issues of law or fact arguably justifying appeal." United States v. Robert Evans, Dkt. No. 05-146 (1st Cir. June 20, 2006), Judgment at 1.

Throughout all proceedings Evans was represented by retained counsel, Attorney Scott A. Lutes.

Evans thereafter filed the instant motion to vacate. In his motion he makes three claims: (1) that his conviction was obtained by the use of evidence seized pursuant to an unconstitutional search and seizure; (2) that his arrest was unlawful; and (3) that his counsel was ineffective in failing to object to the "illegal use" of his prior convictions which were the basis for his career offender enhancement and to his sentence for crack cocaine. (See Memoranda of Law ["Pet. Mem."] accompanying Motion to Vacate [Doc. ## 1-2 to 1-4].) After the Government responded, Evans filed supplemental pleadings raising two additional ineffective assistance claims, namely: (4) that his counsel "coerced" him into pleading guilty (see Supplementary Brief ["Supp. Br."] filed on August 17, 2007 [Doc. #4]); and (5) that counsel failed to request the unsealing of indictment in a separate criminal case, which indictment had been dismissed due to alleged police misconduct (see Supplemental Brief filed on October 10, 2007 [Doc. # 10]).[1] This matter is now ready for decision.[2]

## DISCUSSION

### A. General Principles

Title 28 U.S.C. § 2255 provides in pertinent part:

---

[1] While his motion to vacate was pending, Evans also filed in the instant matter a motion to unseal an indictment in a separate criminal case, United States v. Jonathan Hernandez, CR No. 03-105-S, claiming that information in that file would impeach the credibility of the officer who signed the arrest warrant in Evans' case. This Court denied that motion, along with a related motion for appointment of counsel, on September 26, 2007 (Doc. # 9), and that ruling is not affected by the ruling herein on Evans' motion to vacate.

[2] No hearing is required in connection with any issues raised by Evans' motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego a hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted). See also Panzardi-Alverez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1978) (no hearing is required where district judge is thoroughly familiar with the case).

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255, ¶ 1.

Generally, the grounds justifying relief under §2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-185 (1979) ("An error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.") (internal quotes omitted).

Moreover, a motion under § 2255 is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice" -- or, alternatively, that he is "actually innocent" of the offense for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). See also Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999). Claims of ineffective assistance of counsel, however, are not subject to this procedural hurdle. See Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

A. Claims of Unlawful Arrest and Unlawful Search and Seizure

As a threshold matter, Evans' first two claims -- (1) that the evidence from the Mineral Spring Avenue apartment was seized pursuant to an unlawful search and seizure; and (2) that his arrest was based on an unlawful arrest warrant -- are precluded from being asserted here.

First, these claims must be deemed waived because either they were not raised on Evans' direct appeal or they were raised and rejected as part of the First Circuit's summary affirmance. If not raised on appeal, these claims may not be asserted in this § 2255 proceeding absent cause and actual prejudice or a claim of innocence, none of which Evans has shown. See Bousley, 523 U.S. at 622-23; Knight, 37 F.3d at 772-73. If these claims were raised on appeal, Evans may not re-assert them here, as it is well established that claims raised and decided on direct appeal from a criminal conviction may not be re-asserted in a § 2255 proceeding. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in any prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion") (quoting Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967)); Argencourt: v. United States, 78 F.3d 14,16 n.1 (1st Cir. 1996).[3]

Second, the claims are barred by Evans' unconditional guilty plea. "[A] defendant who unconditionally pleads guilty waives all 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" United States v. Gaffney, 469 F.3d 211, 214 (1st Cir. 2006) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973). See United States v. Valdez-Santana, 279 F.3d 143, 145 (1st Cir. 2002) (same); United States v. Cordero, 42 F.3d 697, 699 (1st Cir.1994) (same, barring Fourth Amendment suppression claim). Here, Evans' guilty plea was voluntarily made (see discussion infra), and thus his Fourth Amendment claims based on the insufficiency of the arrest warrant and the unlawfulness of the search and seizure of the

---

[3] It is questionable whether Evans' claim challenging Vicente's consent to search the Mineral Spring Avenue apartment may be asserted in this § 2255 proceeding, even if it were not raised on direct appeal. See Arroyo v. United States, 195 F.3d 54, 55 n. 1 (1st Cir. 1999)(reserving this issue while noting that Supreme Court has hinted, and other circuits have expressly held, that Fourth Amendment claims may not be raised in §2255 proceeding) (citing cases). However, in view of its disposition, this Court need not decide that question here.

clothing bag must be denied.

Even if these claims could be considered on the merits, they fail. At his change of plea hearing Evans unconditionally agreed with the Government's recitation concerning his arrest and the seizure of the drugs.[4] Therefore, apart from the sufficiency of his arrest warrant, the seizure of the clothing bag was justified on exigent circumstances at the time of the arrest, since Evans admits that when the officers approached him, he possessed the clothing bag, then in plain view quickly divested himself of it and fled, so that the officers would have been warranted in searching the bag for drugs or weapons, particularly where it was left in an apartment where Vicente's children were living. See e.g. United States v. Samboy, 433 F.3d 154, 158 (1st Cir. 2005) (upholding warrantless search of dwelling incident to arrest).

Accordingly, Evans' unlawful arrest and unlawful search or seizure claims must be rejected.

B. Ineffective Assistance Claims

Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) that his counsel's performance "fell below an objective standard of reasonableness;" and,

(2) "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir.

---

[4] Evans' description of his arrest, as set forth in his motion to vacate, differs in several details from the Government's description made at his change of plea hearing. He claims that he specifically forbade officers from searching his apartment after having dropped the clothing bag containing drugs back inside the entrance of the apartment and that the bag was discovered during a search conducted on the basis of Vicente's consent after he was taken into custody. (Pet. Mem. at 2.) However, these differences are not significant in view of his voluntary plea and this Court's finding that his challenges to the search and seizures are barred in the instant postconviction proceeding.

2002).

The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp.2d 276, 279 (D.R.I. 2001), citing Lema v. United States, 987 F.2d 48, 51-52 (1st Cir.1993).

In assessing the adequacy of counsel's performance:

> [T]he court looks to "prevailing professional norms." A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances.

Ramirez v. United States, 17 F.Supp.2d 63, 66 (D.R.I. 1998), quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688. This means that the defendant must show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985).

Under the second prong of the Strickland test, a defendant must show actual prejudice. Id. at 693. Where his conviction follows a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. at 371.

With the foregoing principles in mind, the Court reviews Evans' ineffective assistance claims.

A. Failure to Object to Use of Prior Offenses

Evans first claims that his counsel was ineffective because counsel failed to object to the use of certain of his prior convictions relied upon to establish his status as a career offender.

The PSR identified three qualifying prior convictions -- a 1993 conviction for assault with intent to commit murder (PSR ¶ 34); a 1994 conviction for felony assault with a dangerous weapon (PSR ¶ 39); and a 1997 conviction for manufacture/delivery of a controlled substance (PSR ¶ 41) -- on which this Court relied in determining that Evans was a career offender. See USSG § 4B1.1(a). Evans claims that his 1994 conviction was merely for possession of a firearm and that the 1997 conviction was for simple possession of cocaine. However, he has provided no documents in support of his claim. Evans points to no evidence, such as certified copies of the prior convictions in question, that counsel could have produced to support an objection to this portion of the PSR. Counsel cannot be expected to make arguments devoid of record support. See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir.1999) ("failing to pursue a futile tactic does not amount to constitutional ineffectiveness") (citing United State v. Wright, 573 F.2d 681, 684 (1st Cir. 1978)). In short, Evans fails to show that his counsel's performance was deficient, and consequently, this ineffective assistance claim fails.

B. Failure to Object to "Crack" Cocaine Enhancement

Evans further claims that his counsel was ineffective in failing to object to his sentence to the extent it was based on his possession of "crack" cocaine as distinguished from cocaine base. He contends that the Government did not establish that the substance seized from the defendant was actually "crack" cocaine and not some other form of cocaine base. This claim fails for several reasons.

First, Evans admitted at several points during the proceedings in this Court to distributing cocaine base in the form of crack. He pled guilty *inter alia* to Count I, charging him with possession with intent to distribute "cocaine base (crack)." He signed a Plea Agreement that specifically

provided that "the substance involved in this case is cocaine base in the form known as 'crack' cocaine." Plea Agreement ¶ 3. At his change of plea hearing Evans admitted that the Government could prove the facts of his drug offenses, including that the substance involved was cocaine base in the form of crack cocaine and made no mention of any disagreement with the nature of the drugs to which he pled guilty. (See Plea Tr. at 21.) These admissions alone are dispositive of his claim. Given his admissions, the Government was not required to prove the nature of the cocaine possessed by Evans.[5]

Second, Evans' sentence was not based upon his possession with intent to distribute "crack" cocaine but rather cocaine base. By statute, a conviction for possession with intent to distribute in excess of 50 grams of cocaine base carries a maximum term of life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii).[6] For a career offender, where the offense of conviction carries a maximum term of imprisonment of life, the Sentencing Guidelines offense level is 37. See USSG § 2D1.1(c) (Drug Quantity Table). For this offense level to be triggered, it matters not whether the substance involved in the offense of conviction is "crack" cocaine or some other controlled substance having the requisite quantity thresholds, so long as the maximum statutory term of imprisonment is life. Thus, by pleading guilty to this offense, Evans faced a maximum sentence of life imprisonment, and as a career offender, his base offense level was 37 under USSG § 2D1.1(c).

---

[5] Evans' assertion that the report of the Rhode Island Forensic Laboratory "came back 'negative for crack cocaine' and 'positive for cocaine base only'" (Pet. Mem. at 9) misrepresents what that report states, as neither of these two phrases is used in the report. (See id., Exh. 1, 2.)

[6] Section 841 does not define the term "cocaine base," but the term has been held to include all forms of cocaine base, including crack cocaine. See United States v. Richardson, 225 F.3d 46, 49 (1st Cir. 2000), citing United States v. Lopez-Gil, 965 F.2d 1124, 1134 (1st Cir. 1992)(on rehearing). Under the Guidelines, on the other hand, "cocaine base" includes only crack. See USSG § 2D1.1(c), Note (D)("'Cocaine base' for purposes of this guideline means 'crack.'").

Thus, Evans' counsel cannot be faulted for deficient performance in failing to contest a matter which Evans admitted in this Court and for which the potential advisory sentencing range was clearly established by law. See Vieux, 184 F.3d at 64 (counsel's failure to pursue a futile tactic does not constitute deficient performance).

C. Remaining Claims

Evans' remaining claims do not warrant extended discussion. His claim that he was pressured by his counsel into pleading guilty[7] is flatly contradicted by the record. At his change of plea hearing, this Court asked Evans directly whether his plea was voluntary, to which he replied 'yes' and whether any promises or threats had been made to him in connection with his plea agreement, to which he replied in the negative. (Plea Tr. at 13.) Evans was advised in clear terms at his change of plea hearing as to the maximum and minimum penalties for each of his offenses. (Id. at 12.) The Court further advised him that in determining the sentencing guideline range for his offenses the Court was not bound to follow either the Government's sentencing recommendations or his counsel's estimate but could impose a different sentence as it deemed fit. (Id. at 7, 11-12, 15-16.) Even assuming *arguendo* that Evans was somehow misled by his counsel to expect a shorter sentence than he received, this does not warrant relief in view of his plea. See Knight, 37 F.3d at 75 (counsel's inaccurate prediction about sentencing generally not sufficient to sustain claim of ineffective assistance).

Evans' final claim -- that his counsel was ineffective in failing to seek the unsealing of an indictment in an unrelated criminal case before a different judge of this Court -- is likewise without

[7] Evans' description of his counsel's alleged comments concerning this Court's partiality in criminal cases (Supp. Br. at 1-2) is inherently incredible and scurrilous and will not be considered by this Court.

merit. In view of the substantial evidence against Evans, counsel could have reasonably decided as a matter of strategy not to pursue this line of inquiry, notwithstanding its potential impact on the credibility of the detective in question. See Lema, 987 F.2d at 54 (counsel's strategic decisions concerning potential defenses or exculpatory evidence are presumed to be reasonable); Hallums v. Russo, 491 F.Supp.2d 161, 168 (D.Mass. 2007) (same). Moreover, even if counsel's performance was somehow deficient in failing to move to unseal the indictment in question, Evans has made no showing as to how the information obtained would have changed the outcome. See Strickland, 466 U.S. at 692.

The Court has reviewed Evans' other arguments and finds them to be without merit.

CONCLUSION

In view of the foregoing considerations, the instant motion to vacate is hereby DENIED and dismissed.

So Ordered:

Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
January 29, 2008